```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANTONIO DUPRE THOMAS,              )
                                   )   Civil Action
                Petitioner         )   No. 14-cv-01629
                                   )
        v.                         )
                                   )
MR. CAMERON, Supt.,                )
THE ATTORNEY GENERAL OF THE STATE  )
 OF PENNSYLVANIA,                  )
                                   )
                Respondents        )

## O R D E R

        NOW, this 4th day of March, 2016, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed March 19, 2014 ("Habeas Corpus Petition") (Document 1);

(2) Answer of the District Attorney of Chester County to Petition for Writ of Habeas Corpus, which answer was filed November 20, 2014 ("Answer") (Document 12); together with

    (a) Appendices A through S (Documents 12-1 to 12-6);

(3) Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated March 11, 2015 and filed March 12, 2015 ("R&R") (Document 18);

(4) Petitioner's Written Objections filed December 14, 2015 ("Objections") (Document 30);[1]

---

[1] By Order dated and filed May 26, 2015 (Document 23), I adopted and approved Magistrate Judge Hart's R&R because petitioner had filed no Objections to it.  On June 3, 2015, petitioner filed a Motion to Re-open Petitioner's Habeas Corpus Action No. 14-cv-01629 ("Motion to Reopen") (Document 24).  He filed an identical document on September 2, 2015 (Document 25).  The government stated in its Response to Petitioner's Motion to Re-open Petitioner's Habeas Corpus Action No. 14-cv-01629, which response was filed October 15, 2015 (Document 27), that it did not object to

(Footnote 1 continued):

    (5)    The letter from petitioner to the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania dated January 28, 2016 and filed February 1, 2016 (Document 32);

and after a thorough review of the record in this matter,

<u>IT IS ORDERED</u> that petitioner's Objections to United States Magistrate Judge Jacob P. Hart's R&R are sustained in part and overruled in part.[2]

<u>IT IS FURTHER ORDERED</u> that this matter is remanded to Magistrate Judge Hart for a supplemental Report and Recommendation addressing whether <u>Martinez v. Ryan</u>, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), applies to Grounds 4

---

(<u>Continuation of footnote 1</u>):

petitioner's Motion to Reopen.  Accordingly, by Order dated November 5, 2015 and filed November 6, 2015 (Document 28), I granted as unopposed petitioner's Motion to Reopen.  Consequently, petitioner's Objections are now before me.

[2]    The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court.  <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994).  However, the district court must review de novo those portions of the R&R to which objection is made.  28 U.S.C. § 636(b)(1)(c).  The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations."  <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

    Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  <u>Id.</u>

through 18 of petitioner's Habeas Corpus Petition and, if so, the merits of those claims.[3]

IT IS FURTHER ORDERED that in all other respects not inconsistent with this Order and its footnotes, the Report and

---

[3] United States Magistrate Judge Jacob P. Hart found and concluded in his Report and Recommendation that all but Grounds 1 through 3 of the 19 grounds of the Habeas Corpus Petition are unexhausted and procedurally defaulted.  I agree with Magistrate Judge Hart that Thomas' other sixteen claims were never presented to the Superior Court of Pennsylvania and they are therefore unexhausted, R&R at page 5, and that his failure to include them in his prior PCRA appeal rendered them waived.  R&R at page 6.

Petitioner objects to this finding and asserts that the cause of any procedural defaults was the ineffective assistance of PCRA counsel.  Magistrate Judge Hart did not address this objection because he concluded that petitioner acted pro se without counsel in his PCRA proceedings.

A federal court may not grant "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" unless "the applicant has exhausted the remedies available in the courts of the State".  28 U.S.C. § 2254(b)(1)(A).  A claim is procedurally defaulted if it is unexhausted and the statute of limitations has passed for bringing the claim.

Nevertheless, a federal court reviewing a petition for habeas corpus under 28 U.S.C. § 2254 may reach the merits of a procedurally defaulted claim if the prisoner can show cause and prejudice for the default or that a miscarriage of justice would result from upholding the default.  See Coleman v. Thompson, 501 U.S. 722, 749, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640, 669 (1991).

A miscarriage of justice would result where "[p]etitioner can show that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  English v. Vaughn, No. 00-cv-05358, 2005 WL 1677967 (E.D.Pa. July 15, 2005) (Surrick, J.) (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808, 836 (1995)).

Cause for procedural default may be established where a petitioner demonstrates "[i]nadequate assistance of counsel at initial-review collateral proceedings".  Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272, 282 (2012).

Magistrate Judge Hart correctly found that petitioner cannot overcome procedural default on the basis that a miscarriage of justice would result from barring his claims because he "has not demonstrated that he is actually innocent of the crimes of which he was convicted".  R&R at page 6.

In analyzing whether petitioner can establish cause for his procedural default under Martinez, Magistrate Judge Hart concluded that

(Footnote 3 continued):

Recommendation of United States Magistrate Judge Jacob P. Hart is approved and adopted.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

Martinez does not apply to petitioner's claims because he mistakenly concluded that petitioner filed an amended pro se PCRA petition after his PCRA counsel was permitted to withdraw, and also filed a pro se PCRA appeal. Therefore, Magistrate Judge Hart concluded, petitioner alone is to blame for not exhausting Grounds 4 through 18 of his Habeas Corpus Petition.

Petitioner disputes both that his PCRA counsel withdrew, and that he filed a pro se appeal. Review of the record reveals that petitioner is correct--there is no evidence that his PCRA counsel's request to withdraw was ever granted. In fact, the same attorney (Robert P. Brendza, Esquire) who represented petitioner in his PCRA proceedings filed his PCRA appeals to the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania.

Appendix N to the government's Answer is the decision of the Chester County Court of Common Pleas denying petitioner's PCRA petition. Magistrate Judge Hart, in his R&R, cites this decision for his finding that petitioner's attorney was permitted to withdraw, after which petitioner filed a pro se amended petition. However, the state court decision reflects that an amended petition was filed by petitioner's counsel, not by petitioner pro se. It states:

> Counsel was appointed to represent defendant and, after reviewing the record, he filed a Finely letter and a Petition for Leave to Withdraw as PCRA Counsel. In response, defendant filed a Petition to Deny PCRA Counsel's Petition for Leave to Withdraw as PCRA Counsel. Counsel then filed an Amended Petition for Post-Conviction Relief Pursuant to 42 Pa.C.S. 9541, et seq.

Answer, Appendix N at pages 3-4 (emphasis added).

Furthermore, petitioner's criminal docket sheet from the Chester County Court of Common Pleas indicates that petitioner was represented by Attorney Robert P. Brendza in his PCRA proceedings and that Attorney Brendza filed an Amended Petition for Post Conviction Collateral Relief on behalf of petitioner. See Appendix A to the government's Answer at pages 31, 33. The government submitted a copy of the Amended Petition for Post Conviction

(Footnote 3 continued):

---

(Continuation of footnote 3):

Relief Pursuant to 42 Pa.C.S. 9541 et seq. ("Amended Petition"), which was written by Robert P. Brendza, Esquire, who identifies himself as Attorney for Defendant. See Answer, Appendix O. Furthermore, the transcript of petitioner's PCRA hearing indicates that Robert P. Brendza, Esquire, appeared on behalf of petitioner. See Answer, Appendix P.

      The Chester County Court of Common Pleas docket sheet also indicates that Robert Peter Brendza filed a Notice of Appeal to the Superior Court of Pennsylvania from the denial of petitioner's PCRA petition. Answer, Appendix A at page 34. Attorney Brendza also filed a Concise Statement of the Matters Complained on Appeal with the Superior Court on behalf of petitioner. Id. at 35.

      Petitioner's docket sheet for his PCRA appeal before the Superior Court of Pennsylvania lists Robert Peter Brendza as counsel for petitioner and indicates that petitioner was not pro se. See Answer, Appendix F. The Brief in Support of Appellant's Appeal of Order Denying his PCRA Petition was written by Robert P. Brendza, Esquire. See Answer, Appendix K.

      The docket sheet for petitioner's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania also lists Robert Peter Brendza as attorney for petitioner and indicates that petitioner was not pro se. See government's Answer, Appendix G.

      Accordingly, the record demonstrates that petitioner was not acting pro se during his PCRA proceedings or PCRA appeals. Therefore, this matter is remanded to Magistrate Judge Hart to re-address whether Martinez applies to petitioner's claims and, if so, the merits of those claims.