```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTONIO DUPRE THOMAS,            )
                                 )   Civil Action
            Petitioner           )   No. 14-cv-01629
                                 )
        v.                       )
                                 )
MR. CAMERON, Supt.,              )
THE ATTORNEY GENERAL OF THE STATE)
 OF PENNSYLVANIA,                )
                                 )
            Respondents          )
```

O R D E R

NOW, this 17th day of August, 2016, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed March 19, 2014 ("Habeas Corpus Petition") (Document 1);

(2) Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated and filed May 18, 2016 ("Report and Recommendation") (Document 38);[1]

(3) Petitioner's Written Objections filed December 14, 2015 (Document 30); and

---

[1] The Report and Recommendation ("R&R") dated and filed May 18, 2016 (Document 38) is a supplemental Report and Recommendation. By Report and Recommendation dated March 11, 2015 and filed March 12, 2015 (Document 18), Magistrate Judge Hart recommended denying all Grounds of the Habeas Corpus Petition.

By Order dated March 4, 2016 and filed March 7, 2016 (Document 33), I adopted and approved the Report and Recommendation in part and sustained petitioner's Objections in part. Specifically, I adopted and approved the R&R to the extent it recommended denying Grounds 1 through 3 of the Habeas Corpus Petition. However, I remanded this matter to Magistrate Judge Hart for a supplemental R&R because he recommended that Grounds 4 through 18 should be denied based on his erroneous finding that petitioner acted pro se in his PCRA appeals, which he did not, and therefore could not establish ineffective assistance of counsel.

(4)  Petitioner's Objections to Magistrate Judge Hart's Supplemental R&R Filed May 18, 2016, which objections were filed July 11, 2016 ("Objections") (Document 44);[2]

and after a thorough review of the record in this matter,

<u>IT IS ORDERED</u> that petitioner's Objections to United States Magistrate Judge Jacob P. Hart's R&R are sustained in part and overruled in part.

<u>IT IS FURTHER ORDERED</u> that petitioner's Objections are overruled and the Habeas Corpus Petition is denied with respect to Grounds Four, Five, Seven to Fifteen, Seventeen, and Eighteen.

<u>IT IS FURTHER ORDERED</u> that this matter is remanded to Magistrate Judge Hart for a supplemental Report and Recommendation to provide additional analysis of Grounds Six and Sixteen of petitioner's Habeas Corpus Petition.[3]

---

[2]  These July 11, 2016 Objections (Document 44) incorporate by reference portions of petitioner's earlier-filed Petitioner's Written Objections filed December 14, 2015 (Document 30).

[3]  The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994).  However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c).  The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the

(<u>Footnote 3 continued</u>):

---

(<u>Continuation of footnote 3</u>):

magistrate judge's proposed findings and conclusions.  I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  <u>Id.</u>

Petitioner's sixth claim is that he was denied effective assistance of trial counsel because counsel did not examine a juror based on her concern that petitioner had access to her personal information.  Rather, "[c]ounsel merely asked for an instruction to be given."  Habeas Corpus Petition at page 28.

The trial transcripts demonstrate that before the start of the trial, Juror Number Six attempted to speak with defense counsel.  Defense counsel reported this to the trial judge, who then spoke with the juror outside of the presence of the rest of the jury.  At that time, Juror Number Six expressed concern that petitioner knew "her name, and was there any way that he would know where she lived, and that sort of thing". Trial Transcript, Before the Honorable Howard F. Riley, Jr., Chester County Court of Common Pleas Judge, December 4, 2006 ("Transcript Dec. 4, 2006") at page 25.

Magistrate Judge Hart recommends denying Ground Six on the basis that petitioner has failed to articulate prejudice.  Petitioner did, in fact, articulate prejudice--he claims that Juror Number Six was biased and that he therefore did not receive a fair trial. Given that Juror Number Six expressed these concerns before hearing any of the evidence, it is arguable that she possessed a preconceived bias against defendant.  However, Magistrate Judge Hart summarily dismissed this claim without citing any caselaw.  Accordingly, this matter is remanded to Magistrate Judge Hart for further analysis of Ground Six of the Habeas Corpus Petition.

Petitioner's sixteenth claim is that he was denied effective assistance of trial counsel because Juror Number Nine testified that she worked with "many, many people from Coatesville", where the crime occurred; that she lived by herself; and that she "want[ed] everybody to know, if something happen[ed] to [her], [the trial was] the only thing going on in her life".  Trial Transcript, Before the Honorable Howard F. Riley, Jr., Chester County Court of Common Pleas Judge, December [8], 2006 ("Transcript Dec. 8, 2006") at page 25.

Again, with respect to this claim, Magistrate Judge Hart concluded that petitioner failed to articulate prejudice.  However, as with Ground Six, petitioner alleged juror bias.  Magistrate Judge Hart also recommends denying the claim because petitioner "has not cited to the trial transcript, and this juror's statements do not appear to be in any volume which has been forwarded to this court (a few days of testimony are missing)."

In fact, the statements do appear in the trial transcripts.  <u>See</u> Transcript Dec. 8, 2006 at page 1721.  Concerning Magistrate Judge Hart's observation that "a few days of testimony are missing", a review of the trial transcripts reveals that the record is complete, but that two volumes of the transcripts are misdated.

The volume dated December 6, 2006 concludes in the middle of

(<u>Footnote 3 continued</u>):

<u>IT IS FURTHER ORDERED</u> that in all other respects not inconsistent with this Order and its footnotes, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart is approved and adopted.[4]

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(<u>Continuation of footnote 3</u>):

Corporal Michelle Swatner's testimony.  <u>See</u> Trial Transcript, Before the Honorable Howard F. Riley, Jr., Chester County Court of Common Pleas Judge, December 6, 2006.  The volume dated December 12, 2006 resumes with the remainder of Corporal Swatner's testimony, with references to her testimony the day before--December 6, 2006.  <u>See, e.g.</u>, Trial Transcript, Before the Honorable Howard F. Riley, Jr., Chester County Court of Common Pleas Judge, December [7], 2006 at page 1368.  It is therefore evident that the volume dated December 12, 2006 is actually a transcript of the proceedings which occurred on December 7, 2006.  Similarly, the volume dated December 13, 2006 is a transcript of the proceedings which occurred on December 8, 2006.

Accordingly, this matter is remanded to Magistrate Judge Hart for a supplemental Report and Recommendation with respect to Grounds Six and Sixteen of the Habeas Corpus petition.

[4]  With respect to Grounds Four, Five, Seven through Fifteen, Seventeen, and Eighteen, I conclude that Magistrate Judge Hart correctly determined the factual and legal issues.  I therefore adopt and approve the R&R with respect to these claims and overrule petitioner's Objections.